UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALTHIE BOYD | CIVIL ACTION 1:17-CV-01272 |
| VERSUS | JUDGE DRELL |
| ROBERT PIERCE | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Althie Boyd ("Boyd") filed a complaint pursuant to 42 U.S.C. § 1983. Boyd's complaint should be dismissed by the Court *sua sponte* for failure to state a claim cognizable under § 1983.

### I. Background

Before the Court is a civil rights complaint filed by *pro se* plaintiff Boyd. The sole named defendant is Robert Pierce ("Pierce"), the store manager of the Kroger grocery store in Alexandria, Louisiana. Boyd alleges that, while she was employed at the Alexandria Kroger in 2016, she was treated unfairly by Pierce when he was verbally abusive to her on three occasions. In her amended complaint, Boyd alleges perceived acts of abuse by Pierce that culminated in her being fired. Boyd seeks monetary damages.

### II. Law and Analysis

Boyd has not stated a claim pursuant to § 1983 because the named defendant, Pierce, is not a state actor.

Boyd alleges a "civil rights" violation (Doc. 1, p. 4/5). The civil rights statute, 42 U.S.C. § 1983, prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. See Lugar v. Edmondson Oil Co., Inc., 475 U.S. 922, 937 (1982). Purely private conduct, no matter how wrongful, is not within the protective orbit of § 1983. See Shelley v. Kraemer, 334 U.S. 1, 13 (1948).

The traditional definition of acting under color of state law requires that the defendants in a §1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the state or by a person for whom the state is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor. See West v. Atkins, 487 U.S. 42, 47 (1988). A defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by a state. See West, 487 U.S. at 47.

For a private actor to be held liable under § 1983, the challenged conduct must be "fairly attributable to the State." Glotfelty v. Karas, 512 Fed. Appx. 409, 413 (5th Cir. 2013). The plaintiff must show: (1) the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible; and (2) the party charged with

2

the deprivation may fairly be said to be a state actor. See *id.* at 413-14. A plaintiff can make such a showing by demonstrating that the private citizen was a willful participant in joint activity with the State or its agents. See *id.* at 414.

Pierce is not a state actor. Boyd has not made any allegations to show Pierce was acting under color of state law, or jointly with a state actor, when he "verbally abused,"[1] suspended, and terminated Boyd from her employment at Kroger. Therefore, Boyd's complaint should be dismissed for failure to state a claim pursuant to 42 U.S.C. § 1983. See Chyba v. BAC Home Loans Servicing, L.P., 469 Fed. Appx. 373, 373 (5th Cir. 2012) (a district court has the authority to dismiss a complaint *sua sponte* for failure to state a claim) (citing Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006).

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Boyd's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 42 U.S.C. § 1983.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

---

[1] It is also noted that verbal abuse, by itself, does not violate a plaintiff's constitutional rights. See Randolph v. London, 400 Fed. Appx. 894, 896 (5th Cir. 2010); Harvey v. Stalder, 130 Fed. Appx. 654, 654 (5th Cir. 2005), cert. den., 546 U.S. 839 (2005).

within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  4th  day of December, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge